UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI MILLER, on behalf of
herself and all others similarly situated,

      Plaintiff,                    Case No.:

v.

IKEA US RETAIL, LLC,

      Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LORI MILLER, on behalf of herself and all others similarly situated, hereby sues the Defendant, IKEA US RETAIL, LLC (hereinafter referred to as "IKEA") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, IKEA, is a Foreign Profit Corporation authorized and doing business in this Judicial District. At all times material, IKEA employed Plaintiff, LORI MILLER. At all times material, IKEA employed the requisite number of employees and,

therefore, is an employer as defined by the Equal Pay Act, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

4. At all times material, Plaintiff, LORI MILLER was an employee of Defendant within the meaning of the Equal Pay Act, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On April 18, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Plaintiff intends to seek leave of court to amend this Complaint after exhausting her administrative remedies and satisfying all conditions precedent.

## FACTUAL ALLEGATIONS

10. In or around November 2007, Plaintiff began her employment with IKEA working as a Visual Merchandiser in Orlando, Florida.

11. During her employment with Defendant, Plaintiff performed well and understood that she was doing a good job.

12. During Plaintiff's employment career, she worked as an Architectural Model Builder and an AutoCAD Designer and Engineer. Plaintiff has an architecture background and earned a BA/BS from Washington University in St. Louis.

13. Immediately prior to Plaintiff's career at IKEA, she was Store Manager and Global Education Partnership Ambassador with Discovery Channel for approximately eight (8) years.

14. At the time Plaintiff was hired by IKEA, her future supervisor, Gregg Simpson, told her that he was impressed with her credentials, but was concerned that Plaintiff might be overqualified for the position. Plaintiff told Simpson that her interest in the job had to do with the focus on the visual impact that she would make and the potential opportunities with IKEA since it was in its early stages of growth in the United States.

15. Plaintiff's male co-worker, Christopher Ollendorf, began working as a Visual Merchandiser around the same time that Plaintiff began with IKEA.

16. Ollendorf and Plaintiff have worked together doing the same job for over a decade.

17. Ollendorf and Plaintiff possess and use the same or similar skills on a daily basis at IKEA, they both are able to execute any planning and physical requirements to a high degree, have extensive knowledge of their roles, have led remodels, trained co-workers, served on committees and have been sent to new stores around the county to prepare them for opening.

18. In addition, there are some jobs that Plaintiff is almost exclusively relied upon to do. For example, aerial work, physical dimensioning of the floor plan, and leading (in a project manager capacity) all of the seasonal media changes.

19. Despite performing substantially equal work as Ollendorf, he earns approximately $6,000 to $7,000 more than Plaintiff annually.

## COUNT I
## EQUAL PAY ACT

20. Plaintiff, LORI MILLER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

21. Defendant's practice of paying Plaintiff less than it paid male visual merchandisers for equal work on jobs the performance of which required equal skill, effort and responsibility and which was performed under similar working conditions violates the EPA at 29 U.S.C. § 206(d).

22. Defendant knew that its failure to provide Plaintiff pay equal to the pay it provided male visual merchandisers for equal work on jobs the performance of which required equal skill, effort and responsibility and which was performed under similar working conditions was in violation of the law or acted in reckless disregard of whether its conduct was in violation of the law.

23. As a direct result of Defendant's unlawful conduct, Plaintiff lost pay, and continues to lose pay, to which she was entitled during the time she was employed by Defendant in a visual merchandiser position.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Damages for the difference in pay between what similarly situated males earned to that which Plaintiff earned during the period she was employed by Defendant in a visual merchandiser position;

      b.      Liquidated damages,

      c.      Prejudgment interest

      d.      Attorneys' fees and costs; and,

      e.      All such other relief as this Court may deem just and equitable.

WHEREFORE, Plaintiff, LORI MILLER, demands entry of judgment against Defendant, IKEA, for compensatory damages, costs, and any other and further relief that this Court deems just and proper.

## COUNT II
## COLLECTIVE ACTION ALLEGATIONS (EPA)

24. Plaintiff, LORI MILLER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

25. Defendant has engaged in systematic gender discrimination against its female visual merchandisers. Defendant has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures.

26. Plaintiff brings collective claims alleging violations of the Equal Pay Act ("EPA",) 29 U.S.C. § 206(d), as a collective action pursuant to 29 U.S.C. §2016(b) on behalf of all similarly-situated female visual merchandisers.

27. The EPA collective action Plaintiff seeks to represent is all female visual merchandisers who were paid less than male visual merchandisers for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

5

28  Questions of law and fact common to Plaintiff and all others similarly situated include but are not limited to the following:

(a)  Whether Defendant unlawfully failed and continues to fail to compensate female visual merchandisers at a level commensurate with similarly-situated male visual merchandisers.;

(b)  Whether Defendant's policy, practice, or procedure of failing to compensate female visual merchandisers at a level commensurate with comparable male visual merchandisers violates applicable provisions of the EPA; and

(c)  Whether Defendant's failure to compensate female visual merchandisers at a rate commensurate with comparable male visual merchandisers was willful within the meaning of the EPA.

29.  Counts for violation of the EPA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b), for all claims asserted by Plaintiff because her claims are similar to the claims of the similarly-situated putative plaintiffs.

30.  Plaintiff and the putative plaintiffs (a) are similarly situated; and (b) are subject to Defendant's common compensation policies, practices, and procedures resulting in unequal pay based on sex by failing to compensate female visual merchandisers at a level commensurate with male visual merchandisers who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

31.  As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

(a)  Designation of this action as a collective action on behalf of Plaintiff and all others similarly situated;

(b) Judgment against Defendant for backpay, liquidated damages, and prejudgment interest

(c) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(d) A judicial determination that the EPA was violated;

(e) An adjudication on the merits of the case; and

(f) Such other relief as the court may deem just and proper.

WHEREFORE, Plaintiff, LORI MILLER, demands entry of judgment against Defendant, IKEA, for compensatory damages, costs, and any other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

32. Plaintiff, LORI MILLER, demands a trial by jury on all issues so triable.

**DATED** this 20th day of May 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*